## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

---

**RUSSELL GREGORY, III,**
**in his capacity as Guardian of**
**ASHLEY KEIKO GREGORY, a Minor**
**the surviving heir of**
**MARY L. FISHER, deceased,**

      **Plaintiff,**

                        **Case No. _____**

**vs.**

**UNITED STATES OF AMERICA,**

      **Defendant.**

---

### COMPLAINT

---

Plaintiff Russell Gregory, III is the duly appointed Guardian of Ashley Keiko Gregory, a minor. Said minor is the sole beneficiary of her mother, Mary L. Fisher, deceased. This action is for breach of policy of accidental life insurance. (Accidental Means Death Benefits – AD&D under the FEGLI policy).

### I. <u>PARTIES</u>

1. Russell Gregory, III is the duly appointed Guardian of Ashley Keiko Gregory, a minor. Said minor is the sole beneficiary of Mary Fisher, deceased.

2.    Defendant is the United States of America.  Said policy is administered during at all relevant times by the Office of Federal Employees' Group Life Insurance.

## II.  **JURISDICTION AND VENUE**

3.    This court is vested with original jurisdiction inasmuch as this suit names the United States as Defendant.  Venue is appropriate in this district.

4.    This action is timely filed.

## III.  **FACTS**

5.    Mary Fisher was employed by the United States Marshal's Service (USMS), and served 14 years as a deputy U. S. Marshal.

6.    Mary Fisher as a federal employee was entitled to employee benefits.  Among those benefits was life insurance.  Fisher was covered under the Federal Employees' Group Life Insurance, Group Policy No.20060700456, which provided for payment of death benefits and a separate amount for accidental death benefits.  Defendant has paid the death benefits, but has denied payment of the accidental death benefits.

7.    Mary Fisher died on May 14, 2006, as a result of violent, external and accidental means.  Her death was not the result of intentional and voluntary actions on her part.  Specifically, Mary Fisher was encountered by an overzealous Memphis City police officer, who approached her car with gun drawn, and who shot and killed her. Plaintiff asserts that the killing of Mary Fisher was not due to the actions

or inactions of Mary Fisher.  She had not committed a felony.  The officer had no reason to pursue her.  The actions of the Memphis Police Department officer in any case were violent, external and accidental, for which Mary Fisher should not be found to have acted with intent. Moreover, Mary Fisher did not voluntarily engage in hazardous conduct.

8.     Plaintiff has made claim for payment for Mary Fisher's accidental means death benefits to the Office of Federal Employees' Group Life Insurance, which office administrates the federal employees' life insurance program.

9.     Said office has denied the claim. Said denial is a breach of contract.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff brings this action for breach of contract against the United States of America, and demands the following relief:

1.     Judgment declaring that the accidental means life benefits are due to be paid to the heir of Mary L. Fisher, namely Ashley Keiko Gregory, her daughter, a minor.

2.     Monetary judgment for the accidental death benefits, together with pre-judgment interest.

3.     Attorney's fees and court costs, and all other relief to which Plaintiff may be entitled in the premises.

Respectfully Submitted,

*/s/ Kathleen L. Caldwell*, #9916

217 Exchange Avenue, Suite 110
Memphis, TN  38112
Telephone:  (901) 458-4035
Facsimile:   (901) 458-4037