## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

---

**RUSSELL GREGORY, III,**
**in his capacity as Guardian of**
**ASHLEY KEIKO GREGORY, a Minor**
**the surviving heir of**
**MARY L. FISHER, deceased,**

      **Plaintiff,**

                        **Case No. 10-2335/Ma**

**vs.**

**METROPOLITAN LIFE**
**INSURANCE COMPANY,**

      **Defendant.**

---

### AMENDED COMPLAINT

---

Plaintiff hereby amends his Complaint and states as follows:

Plaintiff Russell Gregory, III is the duly appointed Guardian of Ashley Keiko Gregory, a minor.  Said minor is the sole beneficiary of her mother, Mary L. Fisher, deceased.  This action is for breach of policy of accidental life insurance.  (Accidental Means Death Benefits – AD&D under the FEGLI policy).  Said policy was issued by Metropolitan Life Insurance Company, which is the proper-named Defendant. By agreement of the parties, and by separate Order of the Court, Plaintiff has dismissed her cause of action against the United States of America

with prejudice, and substituted in its stead the Metropolitan Life Insurance Company (hereinafter "MetLife").

## I. <u>PARTIES</u>

1.     Russell Gregory, III is the duly appointed Guardian of Ashley Keiko Gregory, a minor.   Said minor is the sole beneficiary of Mary Fisher, deceased.   Plaintiff is an adult resident citizen of the State of Tennessee.   His ward is a minor citizen, who likewise resides in the State of Tennessee.

2.     Defendant is the Metropolitan Life Insurance Company, which issued the life insurance covering Mary Fisher.   Defendant is a corporation formed under and existing under the laws of the State of New York, whose principle place of business is 1095 Avenue of the Americas, New York, NY 10036-6796.

## II. <u>JURISDICTION AND VENUE</u>

3.     This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331.   The clam arises under 5 U.S.C. § 8701 et seq. (Federal Employee's Group Life Insurance (FEGLI) Program. Congress enacted said Program, specifically providing that district courts of the United States have original jurisdiction of a civil action or claim against the United States founded on said FEGLI statutes.   5 U.S.C. § 8715.   In the alternative, this Court is vested with original jurisdiction inasmuch as there exists complete diversity of citizenship between the

parties and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

4.     This action is timely filed.

### III.  **FACTS**

5.     Mary Fisher was employed by the United States Marshal's Service (USMS), and served 14 years as a deputy U. S. Marshal.

6.     Mary Fisher as a federal employee was entitled to employee benefits.  Among those benefits was life insurance.  Fisher was covered under the Federal Employees' Group Life Insurance, Group Policy No.20060700456, which provided for payment of death benefits and a separate amount for accidental death benefits.  Defendant has paid the death benefits, but has denied payment of the accidental death benefits, the amount of said accidental death benefits being $107,000.00 to the best of Plaintiff's knowledge and belief.

7.     Mary Fisher died on May 14, 2006, as a result of violent, external and accidental means.   Her death was not the result of intentional and voluntary actions on her part.  Specifically, Mary Fisher was encountered by an overzealous Memphis City police officer, who approached her car with gun drawn, and who shot and killed her. Plaintiff asserts that the killing of Mary Fisher was not due to the actions or inactions of Mary Fisher.  She had not committed a felony.  The officer had no reason to pursue her or to pull a weapon on her.  The actions of the Memphis Police Department officer in any case were violent, external

3

and accidental, for which Mary Fisher should not be found to have acted with intent.   Moreover, Mary Fisher did not voluntarily engage in hazardous conduct.

8.    Plaintiff has made claim for payment for Mary Fisher's accidental means death benefits to the Office of Federal Employees' Group Life Insurance, believing that said office administrates the federal employees' life insurance program.

9.    Plaintiff has now been informed that Defendant MetLife has administered the claim, and has denied Plaintiff's claim for accidental death benefits.   Said denial is a breach of contract.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff brings this action for breach of contract against the Metropolitan Life Insurance Company, and demands the following relief:

1.    Judgment declaring that the accidental means life benefits are due to be paid to the heir of Mary L. Fisher, namely Ashley Keiko Gregory, her daughter, a minor.

2.    Monetary judgment for the accidental death benefits, together with pre-judgment interest.

3.    Attorney's fees and court costs, and all other relief to which Plaintiff may be entitled in the premises.


Respectfully Submitted,

_s/ Kathleen L. Caldwell_, #9916

4

217 Exchange Avenue, Suite 110
Memphis, TN  38112
Telephone:  (901) 458-4035
Facsimile:   (901) 458-4037

## CERTIFICATE OF SERIVCE

I hereby certify that a true and correct copy of the foregoing has been electronically filed and electronically sent to the following:

**Patricia Head Moskal, Esq.**
**1600 Division Street, Suite 700**
**Nashville, TN 37203**

This 24th day of August, 2010.

_s/ Kathleen L. Caldwell_
Certifying Attorney